IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUGO A. FLORES LOPEZ<br>   846 Berkshire Dr.<br>   Hyattsville, MD 20783<br><br>and<br><br>MARCOS GERARDO HENRIQUEZ<br>   2515 Avalon Pl.<br>   Hyattsville, MD 20783<br><br>*On Behalf of Themselves and*<br>*All Others Similarly Situated*<br><br>             Plaintiffs,<br><br>      v.<br><br>J. ROBERTS, INC.<br>   Serve: Gil Su Kim<br>   9018 Mountain Lake Ter.<br>   Germantown, MD 20874<br><br>GS CONTRACTORS, INC.<br>   Serve: Gil Su Kim<br>   9018 Mountain Lake Ter.<br>   Germantown, MD 20874<br><br>STEVEN HAN<br>   4750 Sheriff Rd NE<br>   Washington, DC 20019<br><br>GIL SU KIM<br>   9018 Mountain Lake Ter.<br>   Germantown, MD 20874<br><br>             Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    Case No. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*******************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Hugo A. Flores Lopez and Marcos Gerardo Henriquez ("Plaintiffs"), by and through their undersigned counsel, hereby submit this Collective Action Complaint against J.

Roberts, Inc., GS Constructors, Inc., Steven Han, and Gil Su Han (hereinafter "Defendants"), for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and the Washington D.C. Minimum Wage Act, D.C. Code § 32-1001 *et. seq.* (hereinafter "DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA").

## PARTIES AND JURISDICTION

1. Plaintiffs are over twenty-one years of age and residents of Maryland. Plaintiffs' consent to participate as party Plaintiffs in a FLSA collective action are attached hereto as Exhibit 1.

2. Steven Han is over twenty-one years of age. Mr. Han owns and operates J. Roberts, Inc.

3. Gil Su Kim is over twenty-one years of age. Mr. Kim owns and operates G.S. Contractors, Inc.

4. J. Roberts, Inc. is a corporation formed under the laws of Virginia with its principal office in the District of Columbia. At all times relevant to this action - June 5, 2014 through the present (hereinafter "Relevant Period") – J. Roberts, Inc. has continuously operated in the District of Columbia.

5. G.S. Contractors, Inc. is a corporation formed under the laws of Maryland with its principal office in Maryland. At all times during the Relevant Period, G.S. Contractors, Inc. has continuously operated in the District of Columbia.

6. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

7. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

8. At all times relevant, Defendants employed two or employees who handled goods that had previously moved through commerce.

9. At all times relevant, Defendants had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

10. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.

11. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12. J. Roberts, Inc. and GS Contractors, Inc. are construction companies that contract with the D.C. Government. GS Contractors, Inc. generally operates as a subcontractor for J. Roberts, Inc.

13. At all times during the relevant period, Steven Han was the manager and owner of J. Roberts, Inc. Steven Han controlled the day to day operations of J. Roberts, Inc.

   a. At all times during the period of Plaintiffs' employment, Steven Han had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

   b. At all times during the period of Plaintiffs' employment, Steven Han had the power to supervise the work duties of Plaintiffs to ensure their work was of sufficient quality. In fact, J. Roberts, Inc. employees directly supervised Plaintiffs. They told

3

Plaintiffs the exact work that Plaintiffs needed to do, and when and where to do that work.

c. At all times during the period of Plaintiffs' employment, Steven Han had the power to set and control the work schedule of Plaintiffs. J. Roberts, Inc. employees told Plaintiffs when or if they could leave early and what time Plaintiffs had to arrive at work.

d. At all times during the period of Plaintiffs' employment, Steven Han had the power to set and determine the rate and method of pay of Plaintiffs.

e. At all times during the period of Plaintiffs' employment, Steven Han controlled, and was in charge of, the day-to-day operations of J. Roberts, Inc..

14. At all times relevant to this matter, Gil Su Kim was the owner and manager of GS Contractors, Inc.. Gil Su Kim controlled the day to day operations of GS Contractors, Inc..

a. At all times during the period of Plaintiffs' employment, Gil Su Kim had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

b. At all times during the period of Plaintiffs' employment, Gil Su Kim supervised the work duties of Plaintiffs to ensure their work was of sufficient quality.

c. At all times during the period of Plaintiffs' employment, Gil Su Kim set and controlled the work schedule of Plaintiffs or had the power to set and control Plaintiffs' work schedule.

d. At all times during the period of Plaintiffs' employment, Gil Su Kim set and determined the rate and method of pay of Plaintiffs or had the power to set and determine the rate and method of Plaintiffs' pay.

15. J. Roberts, Inc. and GS Contactors, Inc. effectively operated as joint employers of Plaintiffs. J. Roberts, Inc. typically contracts with larger contractors, such as Clark Construction company. It then used GS Constructors, Inc. as a shell company to disregard employee rights.

16. J. Roberts, Inc. and GS Constructors, Inc. shared or co-determined matters governing essential terms and conditions of employment.

17. The Plaintiffs' received their paychecks from a GS Contractors, Inc. bank account. However, J. Roberts, Inc. would actually deliver these checks to Plaintiffs.

18. Both companies would closely supervise and oversee Plaintiffs' work and were involved in the day-today supervision of Plaintiffs. Plaintiffs were required to wear J. Roberts, Inc. uniforms. J. Roberts, Inc. would tell Plaintiffs exactly what work to do and where to do it. It would indicate in which areas to work.

19. A J. Roberts, Inc. employee would sign-off on Plaintiffs' hours worked. J. Roberts, Inc. employees told Plaintiffs what times Plaintiffs had to arrive at work and leave work.

20. Hugo A. Flores Lopez worked for Defendants from roughly March 15, 2013 to March 31, 2014. He worked as carpenter. During the time Mr. Flores Lopez worked for Defendants, Defendants paid him between $14.00 and $19.00 per hour, depending on the project.

    a. During the time Hugo A. Flores Lopez worked for Defendants, he typically and customarily worked, on average, about fifty-eight (58) hours per week.

    b. During this time, Defendants had knowledge that Mr. Flores Lopez worked, on average, about fifty-eight (58) hours per week or suffered or permitted him to work fifty-eight (58) hours per week.

c.	At all times throughout the course of Mr. Flores Lopez's employment, Defendants paid Mr. Flores Lopez a straight hourly wage, regardless of the number of hours he worked each week. At no time during Mr. Flores Lopez's employment did Defendants pay him at the rate of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40).

d.	Mr. Flores Lopez typically worked for Defendants on public projects. These projects included, for example, the Dunbar High School and Citi Market. By virtue of the work done on these public projects, Defendants were legally obligated to pay Mr. Flores Lopez between $27.00 to $28.00 per hour for all hours performed on these projects.

21.	Marcos Gerardo Henriquez worked for Defendants from roughly May 15, 2013 to December 11, 2013. Mr. Henriquez worked as a carpenter. During the time that Mr. Henriquez worked for Defendants, Defendants paid Mr. Henriquez $10.00 per hour.

a.	During the time Marcos Gerardo Henriquez worked for Defendants, he typically and customarily worked, on average, about sixty (60) hours per week.

b.	During this time, Defendants had knowledge that Mr. Henriquez worked, on average, about sixty (60) hours per week or suffered or permitted him to work sixty (60) hours per week.

c.	At all times throughout the course of Mr. Henriquez' employment, Defendants paid Mr. Henriquez a straight hourly wage, regardless of the number of hours he worked each week. At no time during Mr. Henriquez' employment did Defendants pay him at the rate of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40).

  d. Mr. Henriquez worked for Defendants on a public project (Citi Market) for the District of Columbia. By virtue of the work done on this public project, Defendants were legally obligated to pay Mr. Henriquez $28.00 per hour for all work performed on these project.

22. At no time did Plaintiffs perform work that meets the definition of exempt work under the FLSA or the DCMWA.

23. Defendants' failure to pay Plaintiffs overtime, as required by the FLSA and the DCMWA, was willful, intentional, and not in good faith.

### **OTHER PUTATIVE PLAINTIFF**

24. Plaintiffs are aware of at least thirty-five (35) other current and former employees of Defendants who are similarly situated and who should have the opportunity to "opt-in" to this action to assert their rights to unpaid overtime wages under the FLSA against Defendants.

25. Other putative Plaintiffs that should be notified of their right to "opt-in" to this action, including all current or past employees of Defendants at anytime during the Relevant Period through the present that: (1) worked overtime while employed by Defendants; (2) were not paid time and half their regular rate for overtime hours by Defendants as prescribed by FLSA; and (3) did not perform work duties which would qualify them as exempt from the overtime pay requirement of the FLSA.

26. Plaintiffs have personal knowledge that other current or former employees of Defendants have not yet joined this action either (1) because they are not aware of their rights to receive overtime pay under the FLSA or (2) because they are afraid that if they "opt-in" and

assert their rights to overtime compensation under the FLSA they will be retaliated against by Defendants.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

27. Plaintiffs reallege and reassert each and every allegation set forth in the paragraphs above, as if each were set forth herein.

28. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

29. Plaintiffs and the FLSA collective were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1).

30. Defendants were the "employers" of Plaintiffs and the FLSA collective under the FLSA, 29 U.S.C. § 207(a)(2).

31. Defendants were obligated to compensate Plaintiffs and the FLSA collective at the overtime rate of one-and-one-half (1½) times his regular rate for all hours worked per week in excess of forty (40).

32. As set forth above, while in Defendants' employ, Plaintiffs and the FLSA Collective worked many overtime hours.

33. As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiffs and the FLSA Collective at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

8

34. Defendants' failure and refusal to pay Plaintiffs and the FLSA Collective, as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Washington, D.C. Minimum Wage Act
### (Overtime)

31. Plaintiffs reallege and incorporate herein the allegations contained in the paragraphs above.

32. At all times relevant to this Complaint, Defendants violated the overtime provisions of the District of Columbia Minimum Wage Act by failing to pay Plaintiffs the time and a half for all hours Plaintiffs worked over forty (40) that they worked in a particular workweek.

33. Defendants were, at all times relevant to this Complaint, "employers" of Plaintiffs within the meaning of the DCMWA.

34. Plaintiffs worked over 40 hours per week, virtually every week, during the time Plaintiffs worked for Defendants.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

35.     Plaintiffs reallege and incorporate herein the allegations contained in the paragraphs above.

36.     Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCWPA.

37.     Under the DCWPA, Defendants, as Plaintiffs' employers, were obligated to properly pay Plaintiffs all wages for work that Plaintiffs performed.

38.     "Wages" pursuant to DCWPA (DC Code § 32–1301(3))[1], "includes a . . . (E) Other remuneration promised or owed . . . [or wages] (iii) Pursuant to District or federal law."[2] Furthermore, "the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law." DC Code § 32–1305 (b).

39.     Defendants failed to pay Plaintiffs at least the amount required by law, including the payment of prevailing wages by District law.  Defendants improperly paid Plaintiffs an hourly rate that was far less than Defendants were legally obligated to pay Plaintiffs.

40.     Defendants owe Plaintiffs back wages equal to the difference between the rate Defendants paid Plaintiffs for hours worked and the contractually guaranteed and federally required rates Plaintiffs was promised, guaranteed, and agreed to under the DCWPA.

41.     Defendants' failure and refusal to pay Plaintiffs all wages promised, guaranteed, and agreed to at or before the end of Plaintiffs' employment with Defendants as required by the

---

[1] The DCWPA definition of wages as set forth herein was clarified by the Fiscal Year 2014 Budget Support Act of 2013; Subtitle G entitled "Wage Theft Prevention."

DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III, for all unpaid wages in such amounts to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com